IN THE UNITED STATES DISTRICT COURT
FOR THE DSITRICT OF NEW MEXICO

**PATSCHECK LAW, PC,**

    **Plaintiff,**

v.                          **Case No.** _____

**UNITED STATES DEPARTMENT OF THE INTERIOR,**

    **Defendant.**

## COMPLAINT

Plaintiff Patscheck Law, PC, ("Plaintiff") submitted a Freedom of Information Act ("FOIA") request to Bureau of Land Management New Mexico State Office, an office of Defendant United States Department of the Interior ("Defendant") on June 20, 2023, for records concerning the Bureau of Land Management's Chaco Buffer rule and Honoring Chaco Initiative. Defendant has failed to make a determination on the FOIA request and failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Plaintiff now files this action for injunctive and other appropriate relief under the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B), (6)(C)(i) and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this district.

## PARTIES

3. Plaintiff is a New Mexico professional corporation.

4.     Defendant is an agency of the United States under 5 USC § 552(f)(1). The Bureau of Land Management ("BLM") is a component part of Defendant. The Bureau of Land Management has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## FACTS

5.     On June 20, 2023, Plaintiff filed a written FOIA request ("Request") with BLM, seeking the following:

> 1.     Any and all email, documents, transcripts, and recordings between the BLM and/or US Department of Interior related to any Consultation between the BLM/DOI and the Navajo Nation related to the "Chaco Buffer" rule.
>
> 2.     Any and all email, documents, transcripts, and recordings regarding the "Honoring Chaco Initiative".

6.     In an email dated June 20, 2023, BLM acknowledged receipt of the Request and assigned the Request control number DOI BLM 2023-005164.

7.     Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i).

8.     If there are "unusual circumstances," as defined by statute, an agency may extend the time to make its determination by no more than ten working days. *See* 5 U.S.C. § 52(a)(6)(B)(i).

9.     Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. *See* 5 U.S.C. § 552(a)(6)(C)(i).

10.    As of the date of the filing of this complaint, BLM has failed to make a determination on Plaintiff's Request. BLM has thus far has failed to produce any responsive agency records to Plaintiff and the statutory period for an agency response has expired. BLM has failed to

communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

### COUNT I: Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Respond within Statutory Timelines

11. Plaintiff incorporates all previous allegations.

12. Under the FOIA, Defendants were required to respond to Plaintiff's FOIA request and to notify Plaintiff of the agency's determination within thirty working days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

13. Defendants' failure to make the requisite determination and to communicate it to the Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

### COUNT II: Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Conduct an Adequate Search

14. Plaintiff incorporates all previous allegations.

15. Defendants have violated their obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

### COUNT III: Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Conduct an Adequate Search

16. Plaintiff incorporates all previous allegations.

17. Defendants are wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA request.

18. Defendants are obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA request.

19. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

20. Defendants' failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

2. Declare that Defendant's failure to make a timely determination with regard to Plaintiff's Request violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (B);

3. Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance with 5 U.S.C. § 552(a)(3)(C);

4. Declare that Defendant's failure to promptly disclose the records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. § 552(a)(3)(A);

5. Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records;

6. Award Plaintiff his attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

7. Grant such other relief as the Court may deem just, equitable, and appropriate.

Respectfully submitted,

STALTER LAW LLC

*/s/ Kenneth H. Stalter*
Kenneth H. Stalter
4801 All Saints Rd NW
Albuquerque, NM 87120
ken@stalterlaw.com
telephone: (505) 315-8730
*Attorney for Plaintiff*